# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
## NASHVILLE DIVISION

| | | |
|---|---|---|
| **MAURICE O. BYRD,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | **Case No. 3:18-cv-00142** |
| **v.** | ) | **Judge Aleta A. Trauger** |
| | ) | |
| **RUSTY WASHBURN, Warden,** | ) | **Magistrate Judge Jeffrey S.** |
| | ) | **Frensley** |
| **Respondent.** | ) | |

## MEMORANDUM and ORDER

Before the court are petitioner Maurice Byrd's Objections (Doc. No. 19) to Magistrate Judge Jeffrey Frensley's Report and Recommendation (Doc. No. 18), in which the Magistrate Judge recommends that Byrd's Petition for the writ of habeas corpus under 28 U.S.C. § 2254, as amended (Doc. Nos. 1, 11), be denied. For the reasons set forth herein, the court finds the Objections to be without merit. Accordingly, the court will adopt the R&R and dismiss the plaintiff's Petition, as amended, with prejudice.

## I.     PROCEDURAL AND FACTUAL BACKGROUND

Following a jury trial in the Circuit Court for Montgomery County, Tennessee in 2009, Byrd was convicted on charges of aggravated robbery, felony first degree murder, and premeditated first degree murder. The trial court merged the felony murder and premeditated first degree murder charges and sentenced him to life imprisonment. That conviction was affirmed by the Tennessee Court of Criminal Appeals, and the Tennessee Supreme Court denied review. *State v. Byrd*, No. M2010-02405-CCA-R3CD, 2012 WL 5989817 (Tenn. Ct. Crim. App. Nov. 29, 2012), *perm. to appeal denied* (Tenn. Dec. 11, 2013). Byrd's subsequent state court petition for post-conviction relief was denied, and that decision was also affirmed. *Byrd v. State*, No. M2016-

01061-CCA-R3-PC, 2017 WL 3641716 (Tenn. Crim. App. Aug. 24, 2017).

The petitioner filed his initial habeas corpus Petition (citing 28 U.S.C. § 2241) *pro se*, but indicated in a handwritten marginal note that he was represented by counsel. (Doc. No. 1, at 9.) His attorney thereafter filed a Notice of Appearance and an Amended Petition. (Doc. No. 11.) Meanwhile, the court had referred the case to the Magistrate Judge for a recommended disposition under 28 U.S.C. §§ 636(b)(1)(A) and (B). Respondent filed an Answer to the Amended Petition, denying that the petitioner's conviction violated his constitutional rights.

In his Petition, Byrd seeks to set aside his conviction on the grounds that his trial counsel was ineffective for not "fully and completely investigating his case"; his attorney at sentencing and on appeal had an actual conflict of interest that the petitioner did not waive; and appellate counsel rendered ineffective assistance of counsel by waiving all appellate issues except sufficiency of the evidence and by basing her appellate argument entirely on a decision by the Tennessee Supreme Court that had been overruled in 2011. (Doc. No. 1, at 9.) The Amended Petition adopts these claims and elaborates on them slightly. It adds that counsel's reliance on an overruled decision and the existence of an actual conflict of interest give rise to "structural" defects in the procedure, requiring that the conviction be overturned even if no prejudice is proven. (Doc. No. 11, at 2–3.) The magistrate judge, in a thorough and comprehensive opinion, concluded that the petitioner is not entitled to relief on any of the grounds asserted.

In his Objections to the R&R, the petitioner raises two discrete arguments:

(1) that "abandoning an appeal based solely on law that was, by name, overturned amount[s] to a structural error [where prejudice is presumed] when the State ***specifically*** points out this obvious error in an appellee's brief, but no reply brief addressing the error is filed"; and

(2) that an attorney's withdrawal from a case, "claiming an actual conflict of interest exists but later allowing herself to be retained for the same case, amount[s] to a structural error where prejudice is presumed."

(Doc. No. 19, at 3.) The petitioner argues that the Magistrate Judge's resolution of these issues is contrary to governing law.

## II.     STANDARD OF REVIEW

### A.     Review of Objections to a Report and Recommendation

Within fourteen days after being served with a report and recommendation as to a dispositive matter, any "party may serve and file specific written objections to [a magistrate judge's] proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2). The district court must review *de novo* any portion of the report and recommendation "that has been properly objected to." Fed. R. Civ. P. 72(b)(3). An objection is "properly" made if it is sufficiently specific to "enable[] the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute." *Thomas v. Arn*, 474 U.S. 140, 147 (1985). In conducting its review, the district court "may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." *Id.*

### B.     Review of a Petition for Relief Under 28 U.S.C. § 2254

A state prisoner may petition the federal court for relief of his state conviction by submitting an application of a writ for habeas corpus "on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a federal district court generally may not entertain a petition for the writ of habeas corpus unless the petitioner has first exhausted all available state-court remedies for each claim in his petition by fairly presenting his claims to every available level of the state court system. 28 U.S.C. § 2254(b)(1); *Duncan v. Henry*, 513 U.S. 364, 365–66 (1995). If a petitioner establishes exhaustion (or that waiver of exhaustion is warranted, *see* 28 U.S.C. § 2254(b)(1)(B)), the federal court may review his claims, but its review is extremely deferential to the state court's resolution of the same

claims. The federal court cannot grant a habeas petition with respect to a fully exhausted federal claim unless the state court's adjudication of that claim "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or . . . was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d).

The AEDPA standard is difficult to meet "because it was meant to be." *Harrington v. Richter*, 562 U.S. 86, 102 (2011). Indeed, "habeas corpus is a guard against extreme malfunctions in the state criminal justice systems, not a substitute for ordinary error corrections through appeal." *Id.* at 102–03 (citation and internal quotation omitted).

## III.     ANALYSIS

### A.     "Abandonment of Appeal and/or Improper Legal Argument"

The homicide for which the petitioner was convicted of murder occurred in 2005; he was tried and convicted in 2009; his motion for a new trial was litigated in 2009 and 2010; the Tennessee Supreme Court issued *State v. Dorantes*, 331 S.W.3d 370 (Tenn. 2011), in January 2011; appellate counsel filed her appellate brief on behalf of the petitioner in May 2011; and the Tennessee Court of Appeals denied relief in November 2012.

The petitioner insists that this timeline is important, because, in her appellate brief, appellate counsel "cited only sufficiency of the evidence as a ground for relief, but used *State v. Crawford*, 470 S.W.2d 610, 612 (Tenn. 1971)[,] as the appellate standard of review. This was a problem because *Crawford* was overturned by the Tennessee Supreme Court by ***name*** in *State v. Dorantes*[.]" (Doc. No. 11, at 2.) The government's response brief pointed out that *Crawford* had been overruled by *Dorantes*, but appellate counsel did not file a reply brief.

In *Crawford*, the Tennessee Supreme Court had adopted a special standard of proof to justify a criminal conviction premised entirely on circumstantial evidence: "The *Crawford*

standard purportedly required the State to prove facts and circumstances 'so strong and cogent as to exclude every other reasonable hypothesis save the guilt of the defendant, and that beyond a reasonable doubt.'" *Dorantes*, 331 S.W.3d at 380 (quoting *Crawford*, 470 S.W.2d at 612). In other words, the *Crawford* standard imposed a more stringent burden upon the State to prove guilt based on circumstantial evidence than when direct evidence was presented. In *Dorantes*, the Tennessee Supreme Court overruled *Crawford*, adopting the federal standard in Tennessee and eschewing any distinction between the standard of proof required in cases based solely upon circumstantial evidence and that in cases where the State introduces direct evidence of guilt. *See Dorantes*, 331 S.W.3d at 381 ("We specifically adopt the standard enunciated by the United States Supreme Court as applicable to prosecutions in this state.").

Although the Supreme Court did not expressly address in *Dorantes* whether its holding applied retroactively, it clearly applied that standard to the defendant whose appeal was before it in that case. Reversing the Tennessee Court of Appeals' decision to the contrary, in which it had applied *Crawford*, the state supreme court affirmed the defendant's conviction based on "entirely circumstantial evidence." *Id.* at 389–90. In June 2011, just a few months later, the Tennessee Supreme Court again affirmed that this standard applied retroactively to defendants charged and convicted before *Dorantes* was issued. *See State v. Sisk*, 343 S.W.3d 60, 68 (Tenn. 2011) (finding that the Tennessee Court of Appeals did not err in referring to *Crawford*, because its opinion was "written prior to [the supreme court's] decision in *Dorantes*" but nonetheless "[a]pplying the standard of proof under *Dorantes*" to the case before it to "conclude that the jury exercised its prerogative by determining that the Defendant was guilty").

The petitioner argued in his state post-conviction proceedings that his counsel was constitutionally ineffective in relying on *Crawford* to argue that the evidence was insufficient to

support his conviction. Generally, to substantiate a claim that his counsel's performance was so deficient that his constitutional right to the effective assistance of counsel has been violated, a petitioner must prove: (1) that his "counsel's performance was deficient" and (2) that his counsel's "deficient performance prejudiced the defense." *Strickland v. Washington*, 466 U.S. 668, 687 (1984). As the state post-conviction court and the Magistrate Judge here recognized, the petitioner's counsel's reliance on *Crawford* several months after *Dorantes* had been issued was clearly erroneous. The post-conviction court found, based on this error, that the petitioner had shown that counsel's representation fell below a reasonable standard under *Strickland*'s first prong, but the court held that the petitioner failed to establish that he had been prejudiced by this error as required by the second prong. *Byrd v. State*, 2017 WL 3641716, at *13. Its finding of no prejudice was based on the petitioner's failure to show, first, that the outcome of his appeal would have been different had his attorney argued that the *Dorantes* standard applied—which imposes a lighter burden of proof on the state—and, second, that the petitioner did not identify any other issues that his attorney should have raised in the direct appeal. *Id.*

The petitioner does not take issue with that conclusion *per se*. Rather, he argues that counsel's error was so egregious that it falls into the category of attorney error for which prejudice is presumed and that the state courts' denial of relief on this ground violated clearly established federal law. In that regard, the Supreme Court has held that prejudice may be presumed in a limited number of circumstances, including "when a defendant ha[s] suffered an '[a]ctual or constructive denial of the assistance of counsel altogether.'" *Smith v. Robbin*s, 528 U.S. 259, 286 (2000) (quoting *Strickland*, 466 U.S. at 692). As the Court explained in *Smith*, that exception follows from an earlier decision in which it had "distinguished denial of counsel altogether on appeal, which

warrants a presumption of prejudice, from mere ineffective assistance of counsel on appeal, which does not." *Id.* (citing *Penson v. Ohio*, 488 U.S. 75, 88–89 (1988)).

Thus, for example, when counsel fails altogether to file a notice of appeal, despite the defendant's request that she do so and thereby forfeiting his ability to appeal, prejudice may be presumed. *See, e.g.*, *Roe v. Flores–Ortega*, 528 U.S. 470, 483 (2000); *see also Wallace v. State*, 121 S.W.3d 652, 658 (Tenn. 2003) (finding that counsel's failure to file a motion for a new trial despite the defendant's request that he do so, resulting in a waiver of all issues on appeal except for sufficiency of the evidence, was "presumptively prejudicial" (citing *United States v. Cronic*, 466 U.S. 648, 658, 659 (1984))). The Supreme Court has explained that, in order for "the possibility of presuming prejudice based on an attorney's failure to test the prosecutor's case" to arise, "the attorney's failure must be *complete*." *Bell v. Cone*, 535 U.S. 685, 697 (2002) (emphasis added). That is, counsel must "*entirely* fail[] to subject the prosecution's case to meaningful adversarial testing." *Id.* (quoting *Cronic*, 466 U.S. at 659).

The petitioner here argues that his counsel's reliance on *Crawford* amounts to a constructive denial of the assistance of counsel altogether. The court is not persuaded. Appellate counsel filed a timely fifty-page brief, laying out in detail the evidence adduced at trial and arguing that this evidence was entirely circumstantial and insufficient to support the conviction. (Doc. No. 16-10.) While it was clearly erroneous for the attorney to rely on an overruled case, counsel had in fact filed and argued a motion for a new trial and filed an appellate brief raising a cogent argument. The petitioner does not contend that the outcome of his appeal would have been different if counsel had relied on the more demanding *Dorantes* standard rather than *Crawford*. Moreover, the petitioner has not identified any other issues that counsel should have raised on appeal. He cannot show prejudice, and he cannot show that prejudice should be presumed. Nor, more

importantly, has he shown that the state courts unreasonably applied clearly established federal law in holding that his attorney's error "did not rise to the level of structural defect constituting a complete denial of counsel." *Byrd*, 2017 WL 3641716, at *13 (citing *Wallace*, 121 S.W.3d at 658–59).

In his Objections, the petitioner now cites *Cooper v. State*, 847 S.W.2d 521 (Tenn. Ct. App. 1992), as refuting the Magistrate Judge's assertion that no law supports the proposition that grossly inadequate representation by appellate counsel can qualify as a structural error equivalent to the complete deprivation of appellate counsel, warranting a presumption of prejudice. In *Cooper*, however, the defendant merely *argued*, without pointing to any "specific issue lost or prejudice incurred," that his appellate "representation was, in effect, the equivalent of hi[s] having no counsel at all so as to require no showing of prejudice." 847 S.W.2d at 536. The court, however, declined to decide the issue. *Id. Cooper*, therefore, does not support the petitioner's argument.[1]

---

[1] Because *Cooper* involved the imposition of the death penalty, the direct appeal was heard by the Tennessee Supreme Court, pursuant to then-existing law. *Cooper*, 847 S.W.2d at 536 (citing Tenn. Code Ann. § 39-2-205 (1982) (repealed)). Consequently, in reviewing the petition for post-conviction relief, the Tennessee Court of Criminal Appeals held that the petitioner's claim that he had ineffective assistance of counsel during his direct appeal had to be considered by the Tennessee Supreme Court. It transferred the issue to that court.

The Tennessee Supreme Court's decision taking up the issue does not support petitioner's claim either, however. It agreed that the petitioner had a constitutional right to the effective assistance of counsel on appeal, but it rejected the argument that appellate counsel had been so ineffective that prejudice should be presumed. *Cooper v. State*, 849 S.W.3d 744, 746–47 (Tenn. 1993). Specifically, the fact that counsel had "only addressed two issues and did not analyze those issues at sufficient length" did not amount to a complete abandonment of counsel's role such that the petitioner was "left without counsel." *Id.* at 747. Because the petitioner failed to demonstrate prejudice arising from counsel's allegedly deficient performance, the court denied relief on this ground. *Id.*

Counsel's conduct in relying on an overruled case undoubtedly constituted deficient performance. The petitioner does not argue that he was actually prejudiced by this error, however, and he has not shown that this error amounted to a complete deprivation of the assistance of counsel, equivalent to having no attorney at all. More to the point, he has not shown that the state court's denial of relief based on this claim "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or . . . was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). The petitioner is not entitled to relief on the basis of this claim, and his objection related to the Magistrate Judge's resolution of this issue is without merit.

### B.     Actual Conflict of Interest

Aside from the denial of the right to counsel altogether, the Supreme Court has indicated that prejudice may also be presumed "when counsel is burdened by an actual conflict of interest." *Smith*, 528 U.S. at 287 (quoting *Strickland*, 466 U.S. at 692). The state court summarily rejected the petitioner's claim that he was not required to establish prejudice arising from his counsel's conflict of interest, stating only that counsel's alleged deficiencies did not amount to a structural defect. *Byrd*, 2017 WL 3641716, at *13. Its decision in that regard was not contrary to, and did it involve an "unreasonable application" of, clearly established federal law, nor has the petitioner shown that it was "based on an unreasonable determination of the facts in light of the evidence presented." 28 U.S.C. § 2254(d).

While the Supreme Court has acknowledged that prejudice arising from an actual conflict of interest may be presumed, it nonetheless requires the defendant in such a case "to show that the conflict adversely affected his counsel's performance" in some manner. *Smith*, 528 U.S. at 287; *see also Strickland*, 466 U.S. at 686 (noting that an "actual conflict of interest *adversely affecting*

*[a] lawyer's performance* renders assistance ineffective" (citing *Cuyler v. Sullivan*, 446 U.S. 335, 348 (1980)). The petitioner has not remotely suggested that the purported conflict in his case adversely affected his counsel's performance. Accordingly, he is not entitled to relief on this ground either.

## IV.     CONCLUSION AND ORDER

The plaintiff's Objections (Doc. No. 19) are **OVERRULED**, and the R&R's findings and conclusions are **ACCEPTED and ADOPTED** in their entirety. The plaintiff's Petition for relief under 28 U.S.C. § 2254, as amended, is **DENIED**, and this case is **DISMISSED**.

Pursuant to Rule 11 of the Rules Governing § 2254 Proceedings, the court must either issue or deny a certificate of appealability ("COA"). *See also* 28 U.S.C. § 2253(a). Because the movant has not made a substantial showing of the denial of a constitutional right, the court **DENIES** a COA. *Id.* § 2253(c)(2). The movant may, however, seek a COA directly from the Sixth Circuit Court of Appeals. *Id.* § 2253(c)(1); Fed. R. App. P. 22(b)(1).

The Clerk shall enter judgment in accordance with Rule 58 of the Federal Rules of Civil Procedure.

It is so **ORDERED**.

ALETA A. TRAUGER
United States District Judge